UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

      v.                                              **DECISION AND ORDER**
                                                   20-CR-145-A

CHARLIE YANCEY,

                        Defendant.

---

      This case was referred to Magistrate Judge Jeremiah J. McCarthy pursuant to 28 U.S.C. § 636(b)(1) for the conduct of pretrial proceedings. On May 19, 2021, Magistrate Judge McCarthy filed a Report, Recommendation and Order (hereinafter, "R&R") (Dkt. No. 42), recommending that the Court deny defendant Charlie Yancey's omnibus motion (Dkt. No. 34) and *pro se* motion to dismiss (Dkt. No. 29), and grant the Government's cross-motion for reciprocal discovery (Dkt. No. 36, pp. 14-15). After the R&R was issued, defendant filed a motion for partial reconsideration of the R&R (Dkt. No. 45), which Magistrate Judge McCarthy denied in a subsequent Decision and Order on July 20, 2021 (Dkt. No. 50).

      Defendant filed objections (Dkt. No. 51) to the R&R and Decision and Order on August 4, 2021. The Government filed a response on August 26, 2021 (Dkt. No. 53) and defendant filed a reply on September 9, 2021 (Dkt. No. 54). Oral argument of defendant's objections was held on October 6, 2021, and then continued on November 10, 2021 following the Court's *in camera* review of certain materials that it directed the Government to provide the Court (Dkt. No. 58).

Pursuant to 28 U.S.C. §636(b)(1), the Court applies a *de novo* standard of review to the portions of a report and recommendation to which specific objections have been raised. Upon *de novo* review, the Court GRANTS defendant's motion, in part, as to identification evidence and a possible *Wade* hearing, and hereby REMANDS the case to the Magistrate Judge for further proceedings.

The Court assumes the parties' familiarity with the prior proceedings and the issues that are under review.

Defendant is charged in a five-count Indictment (Dkt. No. 1) with drug- and gun- related charges stemming from a July 28, 2019 incident at a gas station, where the shooter—the individual alleged to be defendant and the purchaser of marijuana from a drug dealer—shot the drug dealer and fled the scene. The shooting was non-fatal, and the dealer apparently told investigators that he did not know the identity of the shooter. The shooter was depicted on a surveillance video, and the defense's theory is that defendant was mistakenly identified as the shooter.

Defendant's objections center on his motion for "identification procedure evidence relating to the security camera footage", which the Magistrate Judge recommended denying (*see* Dkt. No. 42, pp. 3-6). The Government states that three witnesses "familiar with the defendant, having known him personally" viewed the surveillance footage from the gas station and identified defendant as the assailant when testifying before the Grand Jury.

The defense clarified during oral argument that defendant is not seeking a pretrial identification hearing pursuant to *United States v. Wade*, 388 U.S. 218 (1967); instead, he is asking at this stage for production of evidence as to how the

three witnesses were presented with the video footage, any statements and/or suggestions investigators may have made to them, and how familiar the three witnesses are with him such that they could identify him in the video.  Defendant reasons that because of the alleged obvious weaknesses of the Government's case (including the poor quality of the video footage and the lack of a clear depiction of the shooter's face, among other things), law enforcement agent(s) may have informed one or all the witnesses that defendant was depicted in the video footage or made suggestive comments, and *then* shown the witnesses the video and asked whether they recognized the shooter.  The defense seeks this information to then determine whether there is a basis for moving for a *Wade* hearing.[1]

      Defendant's requested relief is that the Court remand this issue to the Magistrate Judge and order the Government to provide the requested evidence. Defendant posits three alternatives: (1) direct the Government to disclose § 3500 material on this issue at least eight weeks in advance of trial, to allow defense counsel sufficient time to analyze that material and, if necessary, file a motion for a *Wade* hearing; (2) require the Government to submit the evidence requested to the Magistrate Judge for an *in camera* review before submission to the defense; or (3) require the Government to do what it needs to "sanitize" or redact the documents before disclosing them directly to the defense, to provide the information without revealing witness identity – and the defense would consent to a protective order if that meant this evidence was to be disclosed.

---

[1] The defense conceded at oral argument that there may not ultimately be any *Wade* issue to warrant a request for a hearing.

At oral argument on the objections, the Government explained that the confirmatory identifications are within the grand jury testimony, *i.e.*, § 3500 material. The Court then questioned if there are any reports, to include FBI 302s, or any records other than the grand jury testimony, concerning identification procedures relative to the three witnesses. At the direction of the Court, the Government provided a status update (Dkt. No. 56) after checking whether any such reports existed, and stated it had learned from FBI officials that they do not—and that "[t]he evidence related to the identifications are contained within the Grand Jury transcripts."

The Court then reviewed, *in camera*, the surveillance video and the Government's PowerPoint presentation (from the detention hearing before Magistrate Judge McCarthy) that includes screen shots of the suspect in the video, and the Grand Jury testimony of the three identification witnesses and related exhibits (*i.e.*, again, screen shots from the video).

"A trial witness may identify a defendant if: (1) an out-of-court identification procedure was not improperly suggestive; or (2) the in-court identification is grounded on 'an independent basis in memory.'" *United States v. Stephenson*, 17-CR-199-RJA, 2020 WL 2115719, 2020 U.S. Dist. LEXIS 80091, *26 (W.D.N.Y. Feb. 24, 2020), quoting *United States v. Bubar*, 567 F.2d 192, 197 (2d Cir. 1977), *adopted by United States v. Stephenson*, 2020 WL 2113496, 2020 U.S. Dist. LEXIS 79214 (W.D.N.Y. May 4, 2020).

In other words, "[w]ith respect to determining the admissibility of in-court identification testimony subsequent to arguably suggestive pretrial identification

procedures, the Supreme Court has established a two-part test. First, courts must determine whether the identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification . . . If the procedure is determined to be impermissibly suggestive, then courts must determine, **under the totality of the circumstances**, whether the identification was nevertheless reliable . . . If a court determines the identification to be reliable, testimony about the identification is admissible." *United States v. Wilbern*, 17-CR-6016, 17-CR-6017, 2019 WL 3852402, 2019 U.S. Dist. LEXIS 139166, *31 (W.D.N.Y. Aug. 16, 2019) (emphasis added).

"Evidentiary hearings pursuant to *United States v. Wade*, 388 U.S. 218, 87 . . . (1967) are not **required** with respect to confirmatory identifications where the witness is sufficiently familiar with the defendant so as to negate the possibility of suggestiveness." *United States v. Busch*, 09CR331A, 2013 U.S. Dist. LEXIS 18759, *3 (W.D.N.Y. Feb. 12, 2013) (emphasis added). "Whether to hold such a hearing is a matter within the trial court's discretion." *United States v. Ruggiero*, 824 F. Supp. 379, 396 (S.D.N.Y. 1993).

It is the Court's preference to hold any *Wade* hearing before the trial commences. The Court has reviewed the surveillance video and screen shots and determines that there is no clear depiction of the suspect's face (which the Government has conceded). It is possible, however, that the screen shots may "sufficiently capture the suspect's face and other attributes to permit an identification, especially by an individual familiar with the suspect. Additionally, the suspect was wearing a distinctive hat and other items of clothing which may have

aided in the identification." (Dkt. No. 50, p. 4).  However, there remains a question as to admissibility whether the screen shots are "not either so unmistakably clear or so hopelessly obscure that the witness is no better-suited than the jury to make the identification."  *Wilbern*, 2019 U.S. Dist. LEXIS 139166, *33-34.

    The Court prefers to resolve the many apparent issues surrounding the identification of defendant before trial, which Magistrate Judge McCarthy has acknowledged exist.  (*See* Dkt. No. 42, p. 3 ["Notwithstanding the alleged witness identifications of defendant as the shooter, defendant offers compelling reasons to question their accuracy."]; Dkt. No. 50, p. 4 ["As I stated at oral argument, I have some doubts as to whether defendant is the individual depicted in the video."]). Magistrate Judge McCarthy reasoned that the Government would soon provide its identification of witnesses and summaries of their anticipated testimony in compliance with this Court's final pretrial order, at which time this Court could then determine whether additional time is required for pretrial disclosures or hearings as to identification.  The Court sees little practical difference between requiring such disclosures and a *Wade* hearing now, when all other pretrial issues have effectively been resolved by this Decision and Order--and waiting until a final pretrial order has been docketed that could require those disclosures within a matter of weeks.

    As to the Government's concerns pertaining to witness safety and considering the shooting that predicates the charges in this case, at oral argument the defense agreed to a protective order even if it precludes Defendant's knowledge of the witness's identities until a later date (*i.e.*, only defense counsel to review this material, initially).

Based on the foregoing, it is hereby **ORDERED** that the motion for disclosure of evidence relating to the procedure by which defendant was allegedly identified by three witnesses is GRANTED; and it is further

**ORDERED** that, for the reasons set forth in Magistrate Judge McCarthy's R&R and Decision and Order, defendant's *pro se* motion to dismiss (Dkt. No. 29) and contentions in the omnibus motion (Dkt. No. 34) other than the motion pertaining to identification are hereby DENIED; and it is further

**ORDERED** that the Government's cross-motion (Dkt. No. 36, pp. 14-15) for reciprocal discovery is GRANTED; and it is further

**ORDERED** that this case is remanded to Magistrate Judge McCarthy for the purpose of setting forth a discovery schedule for identification evidence, and for a *Wade* hearing; and it is further

**ORDERED** that the parties shall provide the Magistrate Judge with a proposed protective order concerning witness identification as detailed in this Decision and Order.

**SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　　__s/Richard J. Arcara__
　　　　　　　　　　　　　　　　　　　　　HONORABLE RICHARD J. ARCARA
　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT

Dated:  November 13, 2021