IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.                                                                      20-CR-145-A

CHARLIE YANCEY,

          Defendant.

---

## PLEA AGREEMENT

The defendant, CHARLIE YANCEY, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

### I.    THE PLEA AND POSSIBLE SENTENCE

1.    The defendant agrees to waive indictment and to plead guilty to a one-count Superseding Information, which charges a violation of Title 18, United States Code, Section 924(c)(1)(A)(ii) (Brandishing of a Firearm in Furtherance of Drug Trafficking), for which the mandatory minimum term of imprisonment is 7 years and the maximum possible sentence is a term of imprisonment of life, such sentence to be imposed consecutively to any other sentence imposed in this, or any other matter, whether in this jurisdiction or any other, a fine of $250,000, a mandatory $100 special assessment, and a term of supervised release of 5 years. The defendant understands that the penalties set forth in this paragraph are the minimum and maximum penalties that can be imposed by the Court at sentencing.

2. The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 5 years, without credit for time previously served on supervised release.

## II. ELEMENTS AND FACTUAL BASIS

3. The defendant understands the nature of the offenses set forth in ¶ 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

   a. That the defendant committed a drug trafficking crime for which he could be prosecuted in a court of the United States;

   b. That the defendant knowingly used, carried, and brandished, or possessed and brandished a firearm; and,

   c. The use, carrying, and brandishing of the firearm was during and in relation to, or the possession and brandishing of the firearm was in furtherance of, the drug trafficking crime.

## FACTUAL BASIS

4. The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

   a. On or about July 28, 2019, in the Western District of New York, the defendant, CHARLIE YANCEY, in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, conspiracy to possess with intent to distribute marijuana and attempt to possess with intent to distribute marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 846, did knowingly and unlawfully use, carry, and brandish, or possess and brandish, a firearm, namely a SCCY, model CPX-2, 9mm semi-automatic pistol, with an obliterated serial number and nine rounds of 9mm caliber ammunition.

2

b.  Specifically, on or about July 28, 2019, the defendant met an individual (identified herein as "M.R.") in the parking lot of the Clock Express Mart, 1421 Main Street, Buffalo, New York, for the purpose of purchasing approximately two to three pounds of marijuana. The defendant entered M.R.'s vehicle to purchase the marijuana, but an argument ensued when the defendant attempted to pay M.R. with counterfeit money. The defendant brandished a firearm, namely a SCCY, model CPX-2, 9mm semi-automatic pistol, with an obliterated serial number, and fired nine shots at M.R., causing non-life-threatening injuries. Spent shell casing were recovered at the scene.

c.  The firearm described above was ultimately recovered, and subsequent testing by law enforcement linked the shell casings found at the scene to the weapon. The defendant admits that he used, carried, possessed, and brandished this weapon. A Samsung cell phone left in M.R.'s car was linked to the defendant both by the telephone number associated with the phone and by DNA analysis. Information obtained from Google showed that the phone associated with the defendant's Google account was at the scene of the shooting. Three individuals identified the defendant from video surveillance which captured the incident. In addition, the investigation revealed that the defendant contacted M.R. prior to meeting him at the Clock Express Mart.

d.  The defendant also admits that his use, carrying, possession and brandishing of the firearm described above was in furtherance of a drug trafficking crime, namely the conspiracy to possess and attempt to possess with intent to distribute marijuana, in violation of Title 21, United States Code, Section 846, a crime for which he could be prosecuted in a court of the United States.

### III.   SENTENCING GUIDELINES

5.  The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

6.  The government and the defendant agree that Guidelines § 2K2.4(b) applies to the offense of conviction and provides that the Guidelines sentence is the minimum term of imprisonment required by statute. The applicable statute, Title 18, United States Code,

Section 924(c)(1)(A)(ii), requires a term of imprisonment of not less than **seven (7) years** to be imposed consecutively to any other sentence of imprisonment, a fine of up to $250,000, and a term of supervised release of 2 to 5 years.

7. The government and the defendant agree to the Sentencing Guidelines calculations set forth in this agreement and neither party will advocate or recommend the application of any other Guideline, or move for any Guidelines departure, or move for or recommend a sentence outside the Guidelines, except as specifically set forth in this agreement. A breach of this paragraph by one party will relieve the other party of any agreements made in this plea agreement with respect to sentencing motions and recommendations. A breach of this paragraph by the defendant shall also relieve the government from any agreements to dismiss or not pursue additional charges.

8. The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations recommended by either party and the defendant will not be entitled to withdraw the pleas of guilty based on the sentence imposed by the Court.

9. In the event that the Court contemplates any Guidelines adjustments, departures, or calculations different from those agreed to by the parties above, the parties reserve the right to answer any inquiries by the Court concerning the same.

## IV.  STATUTE OF LIMITATIONS

10.  In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any federal criminal offense which is not time barred as of the date of this agreement.  This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

## V.  REMOVAL

11.  The defendant represents that he is a citizen of the United States.  However, if the defendant is not a citizen of the United States, the defendant understands that, if convicted, the defendant may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

## VI.  GOVERNMENT RIGHTS AND OBLIGATIONS

12.  The defendant understands that the government has reserved the right to:

a.  provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

b.  respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

5

    c.    advocate for a specific sentence consistent with the terms of this agreement including the amount of a fine and the method of payment; and,

    d.    modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor.

13. At sentencing, the government will move to dismiss the Indictment pending in this action.

14. The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

## VII.  APPEAL RIGHTS

15. The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 6, above, notwithstanding the manner in which the Court determines the sentence. In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

16. The defendant understands that by agreeing not to collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

17. The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 6, above, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

### VIII.   FORFEITURE PROVISION

18. The defendant acknowledges that the following property has been or will be subject to abandonment proceedings:

**Firearm/Ammunition:**

    a.   One (1) SCCY, model CPX-2, 9mm semi-automatic pistol with an obliterated serial number; and,

    b.   Approximately nine (9) rounds of 9mm caliber ammunition.

19. The defendant agrees not to contest the abandonment proceedings in any way. The defendant also agrees that the above-described property is subject to forfeiture and waives any and all statutory and constitutional rights, including but not limited to time restrictions and notice provisions with respect to the final disposition or forfeiture of the above property.

The defendant further agrees to the destruction of the firearms and ammunition described above.

20. The defendant agrees that in the event this plea agreement is voided for any reason, the agreement for forfeiture, abandonment and disposition of the firearm and ammunition survive and shall be given full force and effect.

### IX. TOTAL AGREEMENT AND AFFIRMATIONS

21. This plea agreement represents the total agreement between the defendant, **CHARLIE YANCEY**, and the government. There are no promises made by anyone other than those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

TRINI E. ROSS
United States Attorney
Western District of New York

BY: _____
JEREMIAH E. LENIHAN
Assistant United States Attorney

Dated: April 8, 2022

I have read this agreement, which consists of pages 1 through 9. I have had a full opportunity to discuss this agreement with my attorney, James P. Harrington, Esq. I agree that it represents the total agreement reached between me and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

_____          _____
CHARLIE YANCEY                     JAMES P. HARRINGTON, ESQ.
Defendant                          Attorney for the Defendant

Dated: April __, 2022              Dated: April __, 2022